**JOSHUA L. DRATEL**
Admitted *Pro Hac Vice*
**ERIK B. LEVIN**
California State Bar No. 208274
Law Office of Erik B. Levin
2001 Stuart Street
Berkeley, California 94703
Telephone: (510) 978-4778
Fax: (510) 978-4422
Email: erik@erikblevin.com

Attorneys for Defendant
ADAM SHAFI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM SHAFI,<br><br>Defendant. | ) | Case No. 15 Mag. 70856 (SK)<br><br>Date: December 22, 2015<br>Time: 1:30 p.m.<br><br>DEFENDANT'S SUPPLEMENTAL MOTION FOR RELEASE ON BAIL |

# TABLE OF CONTENTS

Table of Contents. . . . . i

Table of Authorities. . . . . ii

Introduction. . . . . 1

Argument

POINT I

*The Placement of Mr. Shafi In Solitary Confinement, and the Seizure of His Legal Papers, Including His Notes, Further Demonstrate that Adam Should Be Granted Bail* . . . . . 1

Conclusion. . . . . 3

# TABLE OF AUTHORITIES

## CASES

*Madrid v. Gomez*, 889 F. Supp. 1146 (N.D. Cal. 1995). . . . . . . . . . . 2

## STATUTES

U.S. Const. Amend.V . . . . . . . . . . . 1, 3

U.S. Const. Amend.VI. . . . . . . . . . . 1, 3

## OTHER

Craig Haney, *Mental Health Issues in Long-Term Solitary and 'Supermax' Confinement*, Crime & Delinquency 49 (2003). . . . . . . . . . . 2

Craig Haney, *"The Consequences of Prison Life: Notes on the New Psychology of Prison Effects," in* Psychology and the Law: Bridging the Gap (David V. Canter and Rita Zukayskienée 2008).. . . . . . . . . . . 2

Physicians for Humans Rights, *Buried Alive: Solitary Confinement in the US Detention System* (April 2013). . . . . . . . . . . 1-2

Rebecca Davis O'Brien, "New York State Moves to Curtail Use of Solitary," *The Wall Street Journal* (December 17, 2015). . . . . . . . . . . 2

Stuart Grassian and N. Friedman, "Effects of Sensory Deprivation in Psychiatric Seclusion and Solitary Confinement," *International Journal of Law and Psychiatry*, Vol. 8 (1986). . . . . . . . . . . 2

Stuart Grassian, "Psychopathological Effects of Solitary Confinement," *American Journal of Psychiatry*, Vol. 140 (1983). . . . . . . . . . . 2

## Introduction

This motion supplements Adam Shafi's December 11, 2015, motion for pretrial release, and reports subsequent developments that further support that application. Those developments are:

(1) Friday, December 18, 2015, the day after the arraignment in this case, Mr. Shafi was moved to solitary confinement after *six months* detention without incident in general population. Also, that transfer occurred soon after two FBI agents involved in this case visited the detention facility;[1] and

(2) that same day, officials at the detention facility entered Mr. Shafi's cell and removed privileged notes he had prepared for counsel. The officials also removed his notebook.

### I. *The Placement of Mr. Shafi In Solitary Confinement, and the Seizure of His Legal Papers, Including His Notes, Further Demonstrate that Adam Should Be Granted Bail*

These incidents reinforce the need for pretrial release in this case, as they substantially infringe upon Mr. Shafi's Fifth Amendment Due Process right to assist in the preparation of his defense, his Sixth Amendment right to counsel, and the attorney-client privilege. It is also unclear at this point to what extent the seizure of Mr. Shafi's notes constitutes an irreparable violation.

As his prior uneventful six months in custody demonstrate, there is not any legitimate security (or other) basis for placing Mr. Shafi in solitary confinement, a condition that is onerous and psychologically debilitating. Indeed, the literature detailing the deleterious effects of solitary confinement and legion and uncontroverted. *See, e.g.,* Physicians for Humans Rights released *Buried Alive: Solitary Confinement in the US Detention System* (hereinafter "*PHR Report*"), available at <https://s3.amazonaws.com/PHR_Reports/Solitary-Confinement-April-2013-full.pdf>.

In that context, the *PHR Report* points out that "[a] review of the medical literature on solitary confinement provides convincing evidence that isolation has severe psychological and

[1] Officials at the facility asked Mr. Shafi Thursday, after the arraignment, whether he wished to be moved to solitary for purposes of protective custody, but he declined.

physical effects." *Id*. *See also id*., at 8 ("[f]rom the outset, solitary has had deleterious psychological effects"). Similarly, Craig W. Haney, Ph.D., Professor of Psychology at U.C. Santa Cruz (and a lawyer), who has written extensively for decades about prisons and prison conditions, has reported that "there is not a single published study of solitary or supermax-like confinement in which nonvoluntary confinement lasting for longer than 10 days, where participants were unable to terminate their isolation at will, that failed to result in negative psychological effects." *Id*., at 1, *quoting* Craig Haney, *Mental Health Issues in Long-Term Solitary and 'Supermax' Confinement*, Crime & Delinquency 49: 124-156, 132 (2003). *See also* Haney, "The Consequences of Prison Life: Notes on the New Psychology of Prison Effects," in David V. Canter and Rita Zukayskienée, *Psychology and the Law: Bridging the Gap,* Ashgate Publishing (2008), at 144. *See also Madrid v. Gomez*, 889 F. Supp. 1146 (N.D. Cal. 1995) (solitary confinement "may press the outer bounds of what most humans can psychologically tolerate"); Stuart Grassian and N. Friedman, *"Effects of Sensory Deprivation in Psychiatric Seclusion and Solitary Confinement,"* International Journal of Law and Psychiatry, Vol. 8 (1986), pp. 49-65; Grassian, *"Psychopathological Effects of Solitary Confinement,"* American Journal of Psychiatry, vol. 140 (1983), pp. 1450-1454.[2]

In addition, solitary confinement interferes dramatically with counsel's ability to communicate and meet with Mr. Shafi, as experience – with which counsel is all too familiar in other cases – teaches that conditions of confinement, rather than preparation for the substance of the case, gain priority in those limited sessions in which counsel and the defendant meet. Thus, these drastically more severe conditions will hamper the ability to prepare Mr. Shafi's defense.

Also, the continuing fear of a repetition of the seizure of Mr. Shafi's legal materials further and materially impairs his ability to participate in the preparation of his case. He simply cannot take the chance that his private, privileged notes about evidence and other issues related to the case will be subject to review by representatives of the governments. As a result, he will have

---

[2] In fact, just last week New York State, in response to a lawsuit instituted by the New York Civil Liberties Union, agreed to revamp its system of solitary confinenment. *See* Rebecca Davis O'Brien, "New York State Moves to Curtail Use of Solitary," *The Wall Street Journal*, December 17, 2015, available at <http://www.wsj/articles/new-york-state-moves-to-curtailuse-of-solitary-confinement-1450318412?tesla=y>.

to refrain from producing such materials altogether. The adverse impact on his ability to exercise his Fifth and Sixth Amendment rights in that context is manifest.

**Conclusion**

It is respectfully submitted that Mr. Shafi's right to participate in the preparation of his defense, and his right to counsel and the protections of the attorney-client privilege, cannot be left to the mercy of the government's arbitrary and interfering tactics timed to place Mr. Shafi falsely in a negative light while his bail application is pending. Accordingly, it is respectfully submitted that Mr. Shafi's motion for pretrial release should be granted.

DATED: December 21, 2015

JOSHUA L. DRATEL
Admitted *Pro Hac Vice*
ERIK B. LEVIN

*Attorneys for Defendant Adam Shafi*

**Certificate of Service**

I hereby certify that on December 21, 2015, I filed the foregoing Defendant's Supplemental Motion for Release on Bail with the Clerk of the U.S. District Court for the Northern District of California using the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Joshua L. Dratel

JOSHUA L. DRATEL